Matter of Attorneys in Violation of Judiciary Law § 468-a (Tierney) (2024 NY Slip Op 03923)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Tierney)

2024 NY Slip Op 03923

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

PM-146-24
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Thomas Joseph Tierney, Respondent. (Attorney Registration No. 2569846.)

Calendar Date:July 8, 2024

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Thomas Joseph Tierney, Norwalk, Connecticut, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1993 and lists a business address in Connecticut, where he is also admitted to practice. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1756 [3d Dept 2019]; see Judiciary Law § 468-a; Rules of Chief Admr of Cts [22 NYCRR] § 118.1). Respondent cured his registration delinquency in January 2021 and now applies for reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).[FN1] The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes respondent's reinstatement.
An attorney seeking reinstatement from a suspension arising solely from a failure to comport with attorney registration requirements must satisfy both procedural and substantive requirements. To that end, an attorney seeking reinstatement following a suspension of more than two years in actual duration must complete certain continuing legal education (hereinafter CLE) requirements (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5]; see also Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c], [d], [e], [g], [h]). As AGC notes, respondent has only provided proof of his partial compliance with this requirement, but in light of his provision of proof of his satisfactory passage of the Multistate Professional Responsibility Exam, among other things, we excuse respondent's noncompliance with Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5) (i) and (iii) (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Plant], 226 AD3d 1300, 1301 n [3d Dept 2024]).
Turning to the substantive requirements, an attorney seeking reinstatement must establish that he or she has complied with the order of suspension and rules of this Court, that he or she possesses the requisite character and fitness to practice law and that it would be in the public's interest to reinstate him or her (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Although we have determined that respondent has satisfied each prong of this test and therefore demonstrated his entitlement to reinstatement, we nonetheless must address an additional issue raised by respondent's application. In curing his registration delinquency in January 2021 and completing his registration obligations for the 2023-2024 biennial period with the Office of Court Administration, respondent self-certified as retired since 2015. Although he avers that he has been retired from the practice of law in this state since 2015, respondent's reinstatement materials reveal that he has been continuously engaged in the practice of law in Connecticut since 2019 as a self-employed attorney. We remind the bar that adopting the [*2]status of "retired" while completing this state's biennial attorney registration requirements requires the attorney to attest that, "other than the performance of legal services without compensation, he or she does not practice law in any respect," including providing legal advice, either in the State of New York or elsewhere (Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [g]). Given respondent's present attestations that he has continued to practice law in the state of Connecticut since 2019, we direct respondent to file amended registration statements for the 2019-2020, 2021-2022 and 2023-2024 registration periods and provide proof that he has done so to AGC and this Court within 30 days of the date of this order (see Matter of Attorneys in Violation of Judiciary Law § 468-a [McArdle], 211 AD3d 1319, 1320 n [3d Dept 2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Stephans], 204 AD3d 1304, 1306 [3d Dept 2022]).
Pritzker, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately, subject to the conditions set forth in this decision.

Footnotes

Footnote 1: We note that this Court previously denied respondent's request for nondisciplinary resignation due to his biennial registration delinquency (see Matter of Tierney, 148 AD3d 1457 [3d Dept 2017]).